# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| RICKY HODGE | CIVIL ACTION NO. 08-1033-P |
| VERSUS | JUDGE HICKS |
| LARRY DEAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ricky Hodge ("Plaintiff"), pursuant to 42 U.S.C. § 1983.[1]  This complaint was received and filed in this Court on July 14, 2008.  Plaintiff is currently incarcerated at the Vernon Correctional Center, but complains his civil rights were violated by prison officials while incarcerated at the Bossier Medium Correctional Center in Plain Dealing, Louisiana.  He names Larry Dean, Warden Weaver and Captain Grey as defendants.

Plaintiff claims  he was denied the right to humane treatment.  He claims he was denied adequate access to the courts.  Plaintiff claims the law library was inadequate.  He

---

[1]  Plaintiff also filed an excessive force claim against Deputy Dredge, Deputy Driver and Lt. Milner.  This claim requires further review and will be addressed in a separate memorandum order.

claims the library was a rolling cart with only a few books.  He also claims access to the library was limited to once a month or every other month and then only for 30 minutes to an hour.  Plaintiff claims there were no typewriters, inmate assistance, or access to legal supplies for indigent inmates.  He also claims he was denied indigent legal supplies such as tablets, pens, stamps, envelopes, and typing paper.  He claims indigent inmates were denied notary services.

Plaintiff claims he was denied adequate medical and dental care.  He claims the facility did not have a medical staff on duty 24 hours a day and on weekends.  He claims that for months, he complained of pains in his groin and stomach.  He claims the medical staff told him it was probably gas and returned him to his dorm.   He claims he was charged unreasonable medical and dental co-payments.  He claims he had to pay $5.00 a week for his blood pressure medication.  Plaintiff claims dental care was limited to tooth extraction unlike at the DOC facilities.

Plaintiff claims he was denied adequate recreation, sanitation, fresh air and sunlight.  He claims he was confined to his dorm with 74 other inmates except for two or three times a week for 30 minutes when he was allowed to go to the recreation area.  He claims the recreation yard was smaller than the dorm.  He claims there were no weight piles, basketball courts and goals, or other sports.  He claims DOC facilities allow more privileges.

Plaintiff claims the guards controlled the dorm temperatures.   He claims the temperatures were either freezing or hot and humid.  He claims inmates were not allowed

beneath their covers when it was cold or to take off their jump suits when it was hot.  He claims the sanitation and fresh air were inadequate.

Plaintiff claims he was denied sufficient food, clothing and shoes.  He claims the food portions were insufficient.  Plaintiff specifically claims that lunch consisted only of two slices of bread, a slice of bologna, one tablespoon of beans, one tablespoon of green beans and hot tea without sweetener.  He further claims that ice was provided to the dorm three times a day in an ice chest that was only half full.  He claims many inmates did not get ice before the chest was empty.

Plaintiff claims he was subjected to unsanitary conditions.  He claims there were an inadequate number of toilets and no urinals in the dorms.  He claims there was urine on the toilet seats and on the floor around the toilets.  He claims inmates did not have access to cleaning chemicals.  He claims he was only given one jumpsuit per week and it was to be worn whenever he was not in bed.  He claims there was no orderly to clean the dorm.  He claims inmates popped razors to cut their hair because there were no barber services.  He claims sheets, personal clothes, and towels were only washed once a week and blankets were only washed once a month.

Plaintiff claims he was denied indigent toiletries such as deodorant, shampoo, boxers, socks, t-shirts, and shoes.  He claims shoes were issued only if the size was in stock.

Plaintiff claims prison officials screened his legal mail and tampered with it.  He claims he feared he would be retaliated against because he filed this complaint.

As relief, Plaintiff seeks a transfer to a DOC facility, medical treatment at LSU Medical Center, and monetary compensation.

For the following reasons, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

**Access to the Courts**

Plaintiff claims the law library was inadequate.  He further claims that access to the law library was inadequate.  He claims there were no typewrites, inmate assistance, or access to legal supplies for indigent inmates.  He claims indigent inmates were denied notary services.

Prisoners  have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)).  However, this constitutional guarantee is not without limitation.  Lewis v. Casey, 518 U.S. 343 (1996)  (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).  In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which  is the source of a prisoner's constitutional right to "meaningful access to the courts."  While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation.  In so holding,

the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing.  Lewis, 116 S.Ct. at 2179.  The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment.  In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983.  The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct.  Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous.  Clearly, Plaintiff has not satisfied the "actual injury" requirement.  Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to the courts.  Plaintiff's complaint in this Court reveals on its face that he was able to clearly present his claims to this Court.  Thus, he has failed to state any actual injury.

Accordingly, Plaintiff's access to the courts claims should be dismissed with prejudice as frivolous.

**Denial of Medical and Dental Treatment**

Plaintiff claims the facility did not have a medical staff 24 hours a day and on weekends.  Plaintiff claims he complained of pains in his stomach and groin area.  He claims he was told by the medical staff that it was gas pains and he was returned to his dorm.   He claims dental care was limited to teeth extractions unlike at DOC facilities.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment.  Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511

U.S. at 838-47, 114 S. Ct. at 1979-84.  A delay in medical care will violate the Eight Amendment on if the delay is based on deliberate indifference and results in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.  See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).  Finally, a prisoner must also allege an injury that is more than de minimis, although it need not be significant.  See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999).  See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was seen by the medical staff for the pains in his stomach and groin areas and that he was prescribed blood pressure medication.  Plaintiff disagrees with the diagnosis made by prison officials.  As previously stated, a disagreement with the diagnosis of prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, Plaintiff does not allege that he requested and was denied dental care or requested and was denied medical treatment after hours or on a weekend.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).   Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical and dental claims should be dismissed with prejudice as frivolous.

**Medical Fee**

Plaintiff complains that he was charged $5.00 a week for his blood pressure medication.  Plaintiff does not have a constitutional right to free medical care.  Hutchinson

v. Belt, 957 F.Supp. 97 (W.D. Louisiana 1996) (citations omitted).   Furthermore, Plaintiff does not allege that he was denied medical treatment because he could not pay the fee.

Accordingly, Plaintiff's medical fee claim should be dismissed with prejudice as frivolous.

**Conditions of Confinement**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment.   Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).   First, the deprivation alleged must be sufficiently serious.  See id., 111 S. Ct. at 2324.   "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Furthermore, this Court should consider the duration and the

totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.  Palmer v. Johnson, 193 F.3d 346 (5ᵗʰ Cir. 1999).  Second, the prison official must have acted with a sufficiently culpable state of mind.  See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

Plaintiff claims he was denied adequate recreation.  Specifically, he claims he was only allowed to go to the recreation area two or three times a week for thirty minutes at a time.  Plaintiff further claims he was denied adequate food portions and ice.  Specifically, he claims that for lunch he was fed only two slices of bread, a slice of bologna, one tablespoon of beans, one tablespoon of green beans and hot tea without sweetener.  Plaintiff claims he was subjected to unsanitary conditions.  He claims there was urine on the toilet seats and around the toilets.  He claims he did not have access to cleaning chemicals and there was no orderly to clean the dorm.  He was given only one jumpsuit a week and that sheets, personal clothes, and towels were washed only once a week and blankets only once a month.  Plaintiff further claims there were no barber services.

After considering the totality of the specific circumstances that constitute the conditions of Plaintiff's confinement, this Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  The Court finds that Plaintiff's claims standing alone, simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence.  Inmates do not have a protected liberty interest in specific recreational opportunities and the "[d]eprivation of exercise is not a per se constitutional violation ." Lewis v. Smith, 277 F.3d 1373, 2001 WL 1485821 at *1 (5th Cir.2001); Stewart v. Winter, 669 F.2d 328, 336 n. 19 (5th Cir.1982); see also Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998) (affirming limits on recreation time). "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." Lewis, 2001 WL 1485821 at *1 (citation omitted).

Plaintiff was allowed out of dorm recreation two to three times a week for thirty minutes at a time, and he does not claims that he could not exercise in his dorm or that he suffered any physical deterioration of a result of the last of out of dorm recreation.  The deprivations alleged by Plaintiff regarding recreation, food portions and ice, unsanitary conditions, and barber services simply do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive Plaintiff of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S.Ct. at 2324.  Furthermore, Plaintiff failed to allege that he sustained any

harm or injury as a result of his exposure to the complained of conditions.  In this case, Plaintiff states no facts that would satisfy the threshold requirements for an Eighth Amendment violation.  Thus, the Court does not consider the deprivations alleged to be sufficiently serious.

Accordingly, the conditions alleged do not rise to the level of cruel and unusual punishment and should be dismissed with prejudice as frivolous.

**Conclusory Allegations**

Plaintiff claims the temperatures in the dorm were either freezing or hot and humid. He claims the sanitation and fresh air were inadequate.  He claims he was denied toiletries. He claims he was denied sufficient clothing and shoes.  He claims prison officials screened his legal mail and tampered with it.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations.  Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations.  Plaintiff has failed to do so regarding these claims, even though he has amended his complaint.

Accordingly, these claims should be dismissed as frivolous for failure to state a claim on which relief may be granted.

**CONCLUSION**

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 2nd day of September 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE